# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 21, 2015

## ROBERT WINTERS v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Hamilton County
### No. 231247    Rebecca J. Stern, Judge

---

### No. E2015-00268-CCA-R3-CD – Filed September 29, 2015

---

The Petitioner, Robert Winters, appeals the Hamilton County Criminal Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Petitioner argues that the trial court erred by summarily dismissing his motion. Upon review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROGER A. PAGE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Robert Winters, Pikeville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; and Neil Pinkston, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

This case concerns the robbery and shooting death of the victim, Vernise Sheffield, in his home in Chattanooga, Tennessee on the evening of April 28, 1997. The Petitioner, Robert Winters, was subsequently indicted by the Hamilton County Grand Jury for first degree murder, felony murder, and especially aggravated robbery. On October 4, 2000, a Hamilton County jury convicted the Petitioner as charged, and the trial court merged the murder convictions. By agreement of the parties, the especially aggravated robbery offense was amended to aggravated robbery. The Petitioner was sentenced to life imprisonment and twelve years, to be served concurrently.

On direct appeal, this court reversed the Petitioner's first degree murder conviction

based on harmful error in the jury instructions relative to that count. See State v. Winters, 137 S.W.3d 641 (Tenn. Crim. App. 2003). This court affirmed the felony murder and aggravated robbery convictions as well as the sentences, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal on March 22, 2004. Id.

The Petitioner subsequently filed an untimely petition for post-conviction relief, and this court affirmed the post-conviction court's summary dismissal on appeal. See Robert Michael Winters v. State, No. E2005-01349-CCA-R3-PC, 2005 WL 3479506, at *1 (Tenn. Crim. App. Dec. 20, 2005), perm. app. denied (Tenn. May 1, 2006). Thereafter, the petitioner repeatedly sought habeas corpus relief without success. See Robert M. Winters v. Cherry Lindamood, Warden, No. M2007-02699-CCA-R3-HC, 2009 WL 774479 (Tenn. Crim. App. Mar. 25, 2009) (affirming summary dismissal of first habeas corpus petition); Robert M. Winters v. Jim Morrow, Warden, No. E2009-01334-CCA-R3-HC, 2010 WL 2265441 (Tenn. Crim. App. June 7, 2010), perm. app. denied (Tenn. Oct. 12, 2010) (dismissal of second habeas corpus petition); Winters v. Morrow, No. 1:11-CV-10, 2012 WL 966179 (E.D. Tenn. Mar. 21, 2012) (dismissal of federal habeas corpus petition as time-barred).

On January 15, 2015, the Petitioner filed a pro se "Motion to Set Aside Illegal Sentence Pursuant to Rule 36.1 TRCP." In the motion, the Petitioner asserted that he was entitled to relief because the trial court committed plain error in failing to charge the jury on circumstantial evidence and in failing to provide the jury with written instructions. On February 2, 2015, the trial court entered an order summarily denying the motion. The order stated, in pertinent part:

> Subsection (a) of Rule 36.1 authorizes the defendant or the state to file, at any time and in the court of conviction, a motion to correct an illegal sentence and defines an illegal sentence for the purpose of the rule as "one that that is not authorized by the applicable statutes or that directly contravenes an applicable statute." To allege, as the subject motion does, errors, even plain errors, involving the jury instructions in the guilt phase of the trial, is not to allege an illegality in a sentence. At most, it is to allege a violation of due process in the guilt phase of the trial that renders any conviction voidable. The Court therefore finds that the subject motion does not state a colourable [sic] claim that [] either of the remaining sentences is illegal.

The trial court further noted that it was "futile" to treat the Rule 36.1 motion as a petition for a writ of habeas corpus or a petition for post-conviction relief. The court reasoned that erroneous jury instructions would merely render a conviction voidable, not void, and

-2-

that post-conviction relief was no longer available due to the statute of limitations. The Petitioner filed a timely notice of appeal to this court.

## ANALYSIS

On appeal, the Petitioner argues that the trial court erred in summarily dismissing his motion to correct an illegal sentence. He maintains that the trial court committed plain error when it failed to charge the jury on circumstantial evidence and when it failed to reduce the jury instructions to writing. The Petitioner also argues, for the first time on appeal, that the trial court failed to conduct a separate sentencing hearing pursuant to Tennessee Code Annotated section 39-13-204(a). According to the Petitioner, the trial court's plain errors render his sentences illegal and entitle him to relief pursuant to Rule 36.1. Specifically, the Petitioner contends that the judgments of conviction should be set aside. The State responds that the trial court properly dismissed the motion because the Petitioner failed to state a colorable claim of an illegal sentence. We agree with the State.

Pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure, "[e]ither the defendant or the state may, at any time, seek the correction of an illegal sentence[.]" Tenn. R. Crim. P. 36.1(a). "For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Id. A petitioner is only entitled to a hearing and appointment of counsel "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b); see Marcus Deangelo Lee v. State, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *6 (Tenn. Crim. App. Mar. 7, 2014). This court has stated that a colorable claim "'is a claim . . . that, if taken as true, in the light most favorable to the [petitioner], would entitle [the petitioner] to relief[.]'" State v. David A. Brimmer, No. E2014-01393-CCA-R3-CD, 2014 WL 201759, at *2 (Tenn. Crim. App. Dec. 18, 2014) (citing and quoting State v. Mark Edward Greene, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014)); Tenn. Sup. Ct. R. 28 § 2(H).

Initially, we note that the Petitioner has waived his claim that the trial court did not follow applicable sentencing statutes for first degree murder because he failed to include the issue in his Rule 36.1 motion. See State v. Turner, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995) ("A party may not raise an issue for the first time in the appellate court."). Waiver aside, considering all of the Petitioner's assertions as true and viewing them in the light most favorable to him, we conclude that he has not presented a colorable claim for relief. As this court has previously stated, "Rule 36.1 is not a panacea. To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must 'state[] a colorable claim that the sentence is illegal.'" State v. Torrie D. Carter, No. W2014-02081-CCA-R3-CD, 2015 WL 3492509, at *2 (Tenn. Crim. App. June 1, 2015) (quoting Tenn. R. Crim. P. 36.1(b)).

-3-

Here, the Petitioner has failed to state any claim regarding the illegality of his sentences. Rather, he alleges that the trial court committed plain error in its jury instructions and in its sentencing procedure, claims which should have been addressed on direct appeal or in a timely-filed petition for post-conviction relief. See Ronald Eugene Gilmore v. Kenneth Locke, Warden, No. M2005-01235-CCA-R3-HC, 2006 WL 1097493, at *4 (Tenn. Crim. App. Mar. 30, 2006) ("The only method of collaterally attacking the judgment because of constitutional deprivations occasioned by erroneous jury instructions is by petition for post conviction relief."); see also Milton Lee Cooper v. Howard Carlton, Warden, No. E2011-00783-CCA-R3-HC, 2012 WL 1523960, at *5 (Tenn. Crim. App. Apr. 30, 2012), perm. app. denied, (Tenn. Aug. 20, 2012) ("The alleged defect in the jury instructions, even if true, would render petitioner's conviction voidable, not void.").

Moreover, this court cannot consider an issue under its discretionary "plain error" review where the record does not clearly establish what occurred in the trial court. We are unable to review the allegations of erroneous jury instructions or sentencing procedure absent the corresponding transcripts. Here, the Petitioner has failed to establish all five factors required for plain error. See State v. Adkisson, 899 S.W.2d 626, 641–42 (Tenn. Crim. App. 1994) (establishing the five factors that should be considered by this court when determining whether plain error exists); see also State v. Smith, 24 S.W.3d 274, 283 (Tenn. 2000) ("[T]he presence of all five factors must be established by the record before this Court will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established.").

At the time of the Petitioner's offenses, first degree felony murder was punishable by a mandatory minimum of life imprisonment. T.C.A. § 39-13-202(a)(2), (b)(3) (1997). For the aggravated robbery conviction, a Class B felony, the Petitioner was sentenced as a Range I, standard offender to twelve years, the maximum sentence in the range. See id. §§ 39-13-402(b), 40-35-112(a)(2) (1997). Therefore, the Petitioner received authorized sentences. Because the Petitioner has failed to state a colorable claim for relief pursuant to Rule 36.1, we affirm the summary dismissal of his motion to correct an illegal sentence.

## CONCLUSION

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE